IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHRISTIAN SMITH, | : | |
| Plaintiff, | : | 1:19-cv-0700 |
| | : | |
| v. | : | Hon. John E. Jones III |
| | : | |
| JOHN WETZEL AND VINCENT MOONEY, | : | |
| | : | |
| Defendants. | : | |

# MEMORANDUM

# May 15, 2019

Plaintiff Christian Smith ("Smith"), a state inmate incarcerated at the State Correctional Institution at Retreat, Hunlock Creek, Pennsylvania originally filed this action in the Court of Common Pleas of Luzerne County. (Doc. 1-2). Defendants removed the matter to this Court on April 23, 2019. (Doc. 1). Presently pending are Smith's motion (Doc. 2) to stay the.

For the reasons set forth below, the Court will deny the motions and dismiss the complaint, without prejudice, pursuant to 28 U.S.C. §1915A(a), (b)(1), and 42 U.S.C. § 1997e.

## I. SMITH'S COMPLAINT AND MOTION TO STAY

Smith's complaint challenges the legal mail policy implemented by the Pennsylvania Department of Corrections ("DOC") in or about September 2018. (Doc. 1-2, pp 4, 5). Specifically, he challenges the portion of the policy which

allows DOC employees to copy and store legal mail. (*Id.* at 5). He seeks injunctive relief, compensatory and punitive damages, and costs. (*Id.* at 8, 9).[1]

Recently, Smith filed a motion to stay (Doc. 2) the action. He indicates that he did not intend to file a 42 U.S.C. § 1983 civil rights action and, as such, he has not exhausted his administrative remedies. He seeks to stay the action to allow him to complete the administrative exhaustion process.

## II.   STANDARDS OF REVIEW

The Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) ("PLRA") permits courts to screen complaints filed by prisoners and dismiss them if the complaint fails to state a claim or is frivolous or malicious. *See Santana v. United States*, 98 F.3d 752, 755 (3d Cir. 1996). Because Smith seeks redress from an officer or employee of a governmental entity, the screening provisions of the PLRA apply. *See* 28 U.S.C. § 1915A ("[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental

---

[1] On March 25, 2019, in the matter of 1:18-cv-2100, Pennsylvania Institutional Law Project, *et al.* v. Wetzel, *et al.,* ("PILP v. Wetzel"), which includes companion consolidated civil action 1:18-cv-2099, Hayes v. Wetzel*, et al.,* the DOC entered into a Court approved settlement agreement concerning incoming legal mail. (Docs. 92, 93). As of April 6, 2019, the DOC reinstated the attorney control number ("ACN") system, which system may be supplemented by an additional verification system, reinstated the procedures governing the inspection and delivery of legal mail it had in place prior to September 2018, ceased copying legal mail, and agreed to destroy or return to its intended recipient any legal mail being retained by the DOC. (Doc. 92, pp. 4-6, 10, 11).

entity or officer or employee of a governmental entity."). *See also* 42 U.S.C. § 1997e (permitting courts to screen complaints concerning "prison conditions"). In dismissing claims under §§ 1915(e), 1915A, and 1997e, district courts apply the standard governing motions to dismiss brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See, e.g., Smithson v. Koons*, Civ. No. 15-1757, 2017 WL 3016165 at *3 (M.D. Pa. June 26, 2017) ("The legal standard for dismissing a complaint for failure to state a claim under § 1915A(b)(1), § 1915(e)(2)(B)(ii), or § 1997e(c)(1) is the same as that for dismissing a complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure."); *Mitchell v. Dodrill*, 696 F. Supp.2d 454, 471 (M.D. Pa. 2010) (explaining that when dismissing a complaint pursuant to § 1915A, "a court employs the motion to dismiss standard set forth under Federal Rule of Civil Procedure 12(b)(6)").

"Under Rule 12(b)(6), a motion to dismiss may be granted only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court finds the plaintiff's claims lack facial plausibility." *Warren Gen. Hosp. v. Amgen Inc.*, 643 F.3d 77, 84 (3d Cir. 2011) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). Although the Court must accept the fact allegations in the complaint as true, it is not compelled to accept "unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation." *Morrow v. Balaski*, 719 F.3d

3

160, 165 (3d Cir. 2013) (quoting *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007)). In deciding the motion, the Court may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice*." Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

## III. **DISCUSSION**

The PLRA "mandates early judicial screening of prisoner complaints and requires prisoners to exhaust prison grievance procedures before filing suit." *See* 42 U.S.C. § 1997(e); *Jones v. Bock*, 549 U.S. 199 (2007). Section 1997(e) provides, in relevant part, that "[n]o action shall be brought with respect to prison conditions under section 1983 of the Revised Statutes of the United States, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997(e). Available remedies must be exhausted before a complaint under § 1983 may be entertained. *Booth v. Churner*, 532 U.S. 731, 738 (2001). "[I]t is beyond the power ... of any [court] to excuse compliance with the exhaustion requirement" of § 1997(e). *Nyhuis v. Reno*, 204 F.3d 65, 73 (3d Cir. 2000); *see also Spruill v. Gillis*, 372 F.3d 218, 230 (3d Cir. 2004).

While the exhaustion requirement is an affirmative defense that must be pleaded and proven by the defendants, and while a prisoner need not allege that he

4

has exhausted his administrative remedies, the Court may *sua sponte* dismiss an action where the failure to exhaust is clear. *Ray v. Kertes*, 285 F.3d 287, 293 n.5 (3d Cir. 2002); *McPherson v. United States*, 392 F. App'x. 938 (3d Cir. 2010); *Perazzo v. Fisher*, 2012 WL 1964419, at *1 (M.D. Pa. May 31, 2012) (dismissing case *sua sponte* for failure to exhaust administrative remedies where plaintiff revealed in the complaint that the grievance process was not complete but was at the "last stage"); *Jones v. Lorady*, 2011 WL 2461982 (M.D. Pa. June 17, 2011) (dismissing prisoner complaint *sua sponte* for failure to exhaust administrative remedies prior to starting federal action).

Smith concedes in his motion to stay that he did not exhaust his administrative remedies. Because the PLRA requires exhaustion prior to proceeding in federal court, and because this Court cannot excuse compliance with that requirement, *sua sponte* dismissal of the action is appropriate.

IV. **LEAVE TO AMEND**

Given the liberal standards afforded *pro se* pleadings, a plaintiff should generally be granted leave to amend before the Court dismisses a claim that is merely deficient. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). The federal rules allow for liberal amendments given the "principle that the purpose of pleading is to facilitate a proper decision on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962) (citations and internal quotations omitted). The

Court must also determine that a proposed amendment would be futile if the complaint, as amended, would not survive a motion to dismiss for failure to state a claim. *In re NAHC, Inc. Sec. Litig.*, 306 F.3d 1314, 1332 (3d Cir. 2002).

Based upon Smith's admitted failure to exhaust prison grievance procedures, the Court finds that allowing him to amend his pleading would be futile. The PLRA requires exhaustion before the initiation of Smith's claims in federal court, and this Court cannot excuse compliance with those requirements. Where, as here, the plaintiff has failed to exhaust his administrative remedies, amendment would be futile because amendment cannot cure such a failure. *See, e.g., Griffin v. Malisko*, 2018 WL 5437743 (M.D. Pa. Oct. 29, 2018); *Foman*, 371 U.S. at 182.

## V. <u>CONCLUSION</u>

For the reasons set forth above, the Court will deny Smith's motion (Doc. 2) to stay will dismiss the complaint (Doc. 1-2) without prejudice pursuant to 28 U.S.C. §1915A and 42 U.S.C. §1997(e).

The Court will enter an appropriate Order.